UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KENNETH JANNETTE,

              Plaintiff,

     v.

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY D/B/A AMERICAN
EDUCATION SERVICES,

              Defendant.

Case No. _____

_VITALIANO, J._

REYES, M.J.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Pennsylvania Higher

Education Assistance Agency d/b/a American Education Services ("PHEAA"), by its

undersigned attorneys, hereby removes this action from the Kings County Supreme Court of the

State of New York to the United States District Court for the Eastern District of New York.

Removal is warranted under 28 U.S.C. § 1441 because this is an action over which this Court has

original jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States,

namely 34 C.F.R. 682 (Federal Family Education Loan Programs) and 15 U.S.C. § 1692 *et seq*

(Fair Debt Collection Practices Act).  In support of this Notice, PHEAA states as follows:

       1.     On November 15, 2012, plaintiff Kenneth S. Jannette, filed a Summons

and Complaint in the Kings County Supreme Court of the State of New York in the civil action

styled *Kenneth S. Jannette v American Education Services and Pennsylvania Higher Education*

*Student Assistance Agency*, Index No. 22082-12.

       2.     Plaintiff served the Summons and Complaint on PHEAA on February 11,

2013. Other than the Summons and Complaint, PHEAA has received no other process,

pleadings, motions, or orders relating to the action.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on PHEAA is attached hereto as Exhibit A.

      3.     The United States District Court for the Eastern District of New York is the federal district encompassing the Kings County Supreme Court of the State of New York, where this suit was originally filed.  *See* 28 U.S.C. § 112(c).  Venue is therefore proper in this Court, pursuant to 28 U.S.C. § 1441(a).

      4.     A civil action for which a district court has original jurisdiction founded upon a claim or right arising under the laws of the United States shall be removable without regard to citizenship or residence of the parties.  28 U.S.C. § 1441(b).

      5.     Removal is authorized when the well-pleaded allegations of the complaint raise an issue of federal law.  *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908), overruled on other grounds; *Smith v. Kansas City Title & Transfer Co.*, 255 U.S. 180 (1921).

      6.     This complaint is properly removed because it purports to enforce claims or rights which may arise under 34 C.F.R. 682 (Federal Family Education Loan Programs) and 15 U.S.C. § 1692 *et seq* (Fair Debt Collection Practices Act), laws of the United States.  *See* 28 U.S.C. §§ 1331, 1441(b).

      7.     This complaint is also properly removed because Plaintiff's state law claims require construction and application of areas of federal law, namely 34 C.F.R. 682 (Federal Family Education Loan Programs).

> That is, federal jurisdiction over a state law claim will lie if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Gunn v. Minton*, No. 11-1118, slip op. at 6, 568 U. S. ___ (2013); *accord Grable & Sons Metal Prods., Inc.* v. *Dance Eng'g & Mfg.*, 545 U.S. 308 (2005). It is appropriate for federal courts to exercise jurisdiction, where, as here, the issue is important "to the federal system as a whole." *Id.* at 8.

8.      This Notice is timely, as it being filed fewer than thirty (30) days after service of the complaint. *See* 28 U.S.C. § 1446(b).

9.      A copy of this Notice will be filed with the Kings County Supreme Court of the State of New York, as required by 28 U.S.C. § 1446(d).

14.     A copy of this Notice will be served upon Plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, PHEAA hereby removes this action from the Kings County Supreme Court of the State of New York to the United States District Court for the Eastern District of New York.

Dated: March 11, 2013

Respectfully submitted,

Adam B. Michaels
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 808-2700

Attorneys for defendant Pennsylvania Higher
Education Assistance Agency d/b/a American
Education Services

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

-------------------------------------------------------------------------------

Kenneth S. Jannette,

      Plaintiff,

      v.

American Education Services (aka "AES")

and

Pennsylvania Higher Education Student Assistance Agency

      Defendants.

-------------------------------------------------------------------------------


Kenneth S. Jannette
Plaintiff, *Pro Se*
112 Manhattan Ave., # 2
Brooklyn, New York 10126
(248) 894-5508

-------------------------------------------------------------------------------

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22 NYCRR).

Dated:

Kenneth S. Jannette

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

KENNETH S. JANNETTE

                                                            Index # 22082/2012
                                              Plaintiff(s)   Docket Number: 852048

                    - against -

 AMERICAN EDUCATION SERVICES (AKA "AES) AND
 PENNSYLVANIA HIGHER EDUCATION STUDENT                      Notice Pursuant
 ASSISTANCE AGENCY                                          to Section 307
                                                            of the  Business
                                             Defendant(s)   Corporation Law
                                                            of the State of
                                                            New York

Please take notice that, pursuant to the provisions of Section 307 of the Business Corporation
Law of the State of  New York, the legal document in the above entitled action was served upon
you by service upon the Secretary of State of the State of New York. As your agent for such
service, by delivering to and leaving with a person authorized by said secretary of state to
receive such service, at the office of the Department of State in the City of Albany, State of New
York, on  February 11, 2013, a copy of the summons herein with the statutory fee of forty dollars
($40.00) and

Please take further notice that I am sending you herewith, by registered mail, a copy of said
process, in this above captioned action.

Dated  February 12, 2013                           111
New York, New York

                                                   ,
                                                   Tel:

22082/12

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-----------------------------------------------------------------X
Kenneth S. Jannette,

      Plaintiff,

      v.

American Education Services (aka "AES")

and

Pennsylvania Higher Education Student Assistance Agency

      Defendants.

-----------------------------------------------------------------X

Index No.


**SUMMONS**


**Jury Trial Demanded**

To the above-named defendants:

You are hereby summoned and required to serve upon Plaintiff an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is CPLR Plaintiff's residence and the *situs* of the acts and occurrences giving rise to the damages described in the complaint.

Dated: November 13, 2012

Kenneth S. Jannette
Plaintiff, *Pro Se*
112 Manhattan Ave., # 2
Brooklyn, New York 10126

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------------X
Kenneth S. Jannette,

            Index No.

       Plaintiff,

       v.

            **COMPLAINT**

American Education Services (aka "AES")

and

Pennsylvania Higher Education Student Assistance Agency

            **Jury Trial Demanded**

       Defendants.

-----------------------------------------------------------------------------X

       Kenneth Jannette ("Plaintiff"), as and for his complaint against American Education Services ("AES") and Pennsylvania Higher Education Student Assistance Agency ("PHESAA") (collectively, "Defendants"), alleges the following:

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

1. Plaintiff is a natural person with a domicile in the County of Kings, City and State of New York.

2. Upon information and belief, AES is a foreign corporation with a principal place of business in the State of Pennsylvania, transacting business in the State of New York.

3. Upon information and belief, PHEAA is a foreign corporation with a principal place of business in the State of Pennsylvania, transacting business in the State of New York.

4. Upon information and belief PHEAA, is a Federal Family Education Loan Guaranty Agency as defined by 20 U.S.C. § 1085(j).

5. That Defendants sent to Plaintiff electronic messages purporting to own a debt owed by Plaintiff, and attempting to enforce payment of the Debt.

6. That Defendants sent to Plaintiff written correspondence purporting to own a debt owed by Plaintiff, and attempting to enforce payment of the Debt.

7. That Defendants, their employees and/or authorized agents did make numerous telephone calls to Plaintiff's place of employment and personal telephone lines, and make verbal and unlawful threats.

8. That Defendants, their employees and/or authorized agents did make statements to Plaintiff that included but were not limited to threats to garnish Plaintiff's wages, bank accounts and seize Plaintiff's property.

9. That Defendants served Plaintiff's employer with unlawful orders of garnishment on multiple occasions, in violation of their obligations under the Code of Federal Regulations ("CFR"), and numerous state and federal laws.

10. On October 14, 2011 Plaintiff entered into a voluntary agreement with Defendants for repayment of an alleged debt.

11. Pursuant to this agreement, Plaintiff sent the first check in the agreed-upon monthly payment amount, along with a cover letter confirming the terms of the parties' agreement. A copy of the check and correspondence is attached as **Exhibit "A"**.

12. Defendants acknowledged receipt of the payment, and negotiated the check.

13. Nevertheless, only days later, Defendants served Plaintiff's employer with an unlawful order of garnishment, at a time when Plaintiff was current in payment pursuant to the terms of the agreement and without prior written notice to Plaintiff as required under 34 CFR § 682.410(b)(9)(i)(B)[1],

---

[1] This section states that "[a]t least 30 days before the initiation of garnishment proceedings, the guaranty agency shall mail to the borrower's last known address, a written notice of the nature and amount of the debt, the intention of the agency to initiate proceedings to collect the debt through deductions from pay, and an explanation of the borrower's rights." 34 CFR § 682.410(b)(9)(i)(B)

14. Only after Plaintiff sent written notice reserving the right to take legal action against Defendants, did Defendants acknowledge that they had no legal right to issue the garnishment order, and release it.

15. Plaintiff continued making payments pursuant to the agreement by electronic direct debit from a savings account held by Plaintiff. Under the agreement, payments were automatically withdrawn on the 28th day of each month.

16. On March 28, 2012, due to a bank administrative error, the electronic debit was not consummated. However, the funds for the payment were present in the account.

17. Immediately upon learning of the error, only 10 days later, Plaintiff telephoned Defendants, informed them of the error and asked them to re-process the electronic payment. Defendants' employee and/or agent told Plaintiff that the payment would be re-processed. Plaintiff confirmed this telephonic conversation in an email to Defendant AES on February 7, 2012. A copy of this email message is attached as **Exhibit "B"**.

18. The February 7, 2012 email to Defendants stated, in pertinent part, "please reprocess this payment at your earliest request. The funds are present."

19. Defendants did not even attempt process the payment. Instead, Defendants served Plaintiff's employer with a second unlawful order of garnishment, and demanded a lump-sum payment of thousands of dollars from Plaintiff.

20. Over objection, and in order to avoid further damage to professional and personal reputation, Plaintiff paid Defendants $2,500,.00. A copy of this certified check, payable to AES in the amount of $2,500.00 is attached as **Exhibit "C"**.

3

21. Defendants then inexplicably, and without notice to Plaintiff or an opportunity to be heard, served upon Plaintiff's employer a third order of garnishment dated as of June 15, 2012, and demanded a payment in excess of $25,000.00 in order to clear the garnishment.

22. The Code of Federal Regulations ("CFR") provisions governing federal student loan obligations held by guarantee agencies sets forth mandatory procedures for such agencies and states that prior to proceeding with a wage garnishment, a guaranty agency must provide written notice and, if requested, a hearing.

23. The CFR provision states, in pertinent part:

> A guaranty agency shall provide a hearing, which, at the borrower's option, may be oral or written, if the borrower submits a written request for a hearing on the existence or amount of the debt or the terms of the repayment schedule.

34 CFR § 682.410(b)(9)(i)(J)

24. The CFR further states that:

> If the borrower's written request is received by the guaranty agency on or before the 15th day following the borrower's receipt of the notice described in paragraph (b)(9)(i)(B) of this section, *the guaranty agency may not issue a withholding order until the borrower has been provided the requested hearing.*

34 CFR § 682.410(b)(9)(i)(K) (Emphasis Added.)

25. As a result of the June 15, 2012 garnishment order, which sent to Plaintiff's employer without any notice to Plaintiff, Plaintiff requested a hearing by letter dated June 20, 2012.. A true and correct copy of this letter is attached as **Exhibit "D"**.

26. In response, on June 22, 2012, Defendants sent Plaintiff a letter, which stated that "[b]ased upon your request, enclosed is a Request for Hearing form for you to complete."

27. On July 6, 2012, Plaintiff returned the completed request for hearing form via UPS overnight delivery. UPS confirms that the form was received. A true and correct copy of the request for hearing form is attached as **Exhibit "E"**.

28. Defendants failed to schedule a hearing. Instead, Defendants re-sent by facsimile the garnishment order and called Plaintiff and Plaintiff's employer demanding money numerous times. A true and correct copy of this facsimile is attached as **Exhibit "F"**.

29. On or about July 11, 2012, Defendants sent a letter regarding the purported debt/account at issue to a third party, in response to a request for debt verification related to a background check.

30. Defendant's July 11, 2012 letter made numerous knowingly false, libelous and defamatory statements, including but not limited to stating that "no payments" by Plaintiff to Defendants had been received since April 15, 2011. A copy of this letter, which is incorporated in its entirely into this complaint, is attached as **Exhibit "G"**.

31. As a result, Defendants, their employees and/or authorized agents have sent messages, correspondence, took actions and made statements with the knowledge that Defendants, their employees and/or authorized agents had no legal right to take or threaten to take said actions.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Prohibited Collection Practices - N.Y. Gen. Bus. Law § 601(2))

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33. Creditors are prohibited from knowingly collecting, attempting to collect or asserting a right to any collection fee, attorney's fee, court cost or expense unless such charges are justly due and legally chargeable. N.Y. Gen. Bus. Law § 601(2).

34. On numerous occasions Defendants did threaten to take or did in fact take prohibited actions, including but not limited to verbal, written threats and by sending unlawful orders for garnishment.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Prohibited Collection Practices N.Y. Gen. Bus. Law § 601(3))

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

36. Creditors are prohibited from sending or threatening to send an alleged debtor's name to a credit bureau without disclosing the disputed nature of the alleged debt.  N.Y. Gen Bus. Law. § 601(3).

37. That on numerous occasions Defendants did threaten to take or did in fact take said prohibited action.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Prohibited Collection Practices N.Y. Gen. Bus. Law § 601(4))

38. Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

39. Creditors are prohibited from communicating or threaten to communicate the nature of a consumer claim to the debtor's employer prior to obtaining final judgment against the debtor.  NY. Gen Bus. Law. § 601(4).

40. That on numerous occasions Defendants did threaten to take and did in fact take said prohibited actions.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Prohibited Collection Practices N.Y. Gen. Bus. Law § 601(5))

41. Plaintiff repeats and realleges paragraphs 1 through 41 as if fully set forth herein.

42. Creditors are prohibited from disclosing or threaten to disclose information concerning the existence of a debt known to be disputed by the debtor without disclosing that fact.  NY. Gen Bus. Law. § 601(5).

43. That on numerous occasions Defendants did threaten to take and did in fact take said prohibited actions.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Prohibited Collection Practices N.Y. Gen. Bus. Law § 601(7))

44. Plaintiff repeats and realleges paragraphs 1 through 43 as if fully set forth herein.

45. Creditors are prohibited from threatening any action which the creditor in the usual course of his business does not in fact take. N.Y. Gen. Bus. Law § 601(7).

46. That on numerous occasions, , Defendants did threaten to take or did in fact take said prohibited action.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Prohibited Collection Practices N.Y. Gen. Bus. Law § 601(8))

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. Creditors are prohibited from claiming or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist. N.Y. Gen. Bus. Law § 601(8).

49. That on numerous occasions Defendants did threaten to take or did in fact take said prohibited action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (N.Y. Gen. Ob. Law § 5-501)

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if fully set forth herein.

51. Creditors may not charge a rate of interest upon any loan that exceeds that set forth in N.Y. Gen. Ob. Law. § 5-501.

52. That Defendants have charged or attempted to charge a rate of interest greater than the proscribed statutory rate.

7

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if fully set forth herein.

54. Defendants violated 15 U.S.C. §§ 1692e, and 1692e(5) by making false, deceptive and misleading representations and threatening to take actions that Defendants could not legally take or that Defendants did not intend to take.

55. These violations of the Fair Debt Collection Acts were willful and done with malice in order to intimidate Plaintiff. Upon information and belief, Defendants have a pattern or practice of the conduct complained of herein.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

56. Plaintiff repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57. Defendants violated 15 U.S.C. §§ 1692e and e(13) by sending documents that purported to be legal process but that were without any basis in fact or law.

58. These violations of the Fair Debt Collection Acts were willful and done with malice in order to intimidate Plaintiff. Upon information and belief, Defendants have a pattern or practice of the conduct complained of herein.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Libel/Defamation)

59. Plaintiff repeats and realleges paragraphs 1 through 58 as if fully set forth herein.

60. Defendants, as a result of the conduct described, *supra*, have published false and defamatory statements to third parties regarding Plaintiff to third parties resulting in injury.

8

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Negligence/Gross Negligence)

61. Plaintiff repeats and realleges paragraphs 1 through 60 as if fully set forth herein.

62. Plaintiff repeats and realleges paragraphs 1 through 58 as if fully set forth herein.

63. Defendants, as a result of the conduct described, *supra*, have breached a duty of care to

Plaintiff, proximately causing Plaintiff damages.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Declaratory and Injunctive Relief)

64. Plaintiff repeats and realleges paragraphs 1 through 63 as if fully set forth herein.

65. Defendants do not own, possess title to, a right to payment on, or any other beneficial

interest in the alleged Debt.

66. Defendants are not assignees, transferees or purchasers of the alleged Debt.

67. Therefore, Defendants have no standing to enforce payment of the alleged debt.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Declaratory and Injunctive Relief)

68. Plaintiff repeats and realleges paragraphs 1 through 67 as if fully set forth herein.

69. That said Debt has been sold, assigned or otherwise transferred to a trust or pool of like

assets or otherwise securitized and transferred to a third party and that Defendants

therefore lack standing to enforce payment of said debt.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Due Process)

70. Plaintiff repeats and realleges paragraphs 1 through 69 as if fully set forth herein.

71. Defendants, as a result of the conduct described, *supra*, have deprived Plaintiff of

property without due process of law.

**WHEREFORE**, Plaintiff demands judgment

1. As to each of the causes of action set forth above, awarding Plaintiff actual and punitive damages in an amount to be determined at trial, not to exceed $74,000.00 in total for all causes.

2. Enjoining Defendants from reporting or threatening to report any information about the alleged debt to any credit bureau, agency or any other third party.

3. Such further relief as this court deems just and equitable.

Dated: November 13, 2012

By: Kenneth S. Jannette
Plaintiff *Pro Se*

10

# EXHIBIT A

# Kenneth S. Jannette, Esq.

200 Meserole Street, #2R
Brooklyn, New York 11206
(248) 894-5508

October 18, 2011

VIA UPS OVERNGIHT DELIVERY
ATTN: Tony Burrall
AES/ Default Collections / 1200 north
7th Street / Harrisburg, PA 17105

RE: $600.00 Payment/Direct Debit

Dear Mr. Burrall:

Thank you for speaking with me today. As agreed, and per your email of October 17, 20111, enclosed is check no. 493 in the amount of $600.00.

Also as discussed, I will contact a representative from my Visa card issuer removal of the security hold so that future recurring payments may be charged to that account, and contact you once complete.

Please confirm that the administrative hearing has been removed from the calendar and will not take place tomorrow, October 19, 2011. Thank you for your attention to this matter.

Sincerely,

Kenneth S. Jannette

cc: James J. Jarecki, Esq.
Pennsylvania Higher Education Assistance Authority
1200 North Seventh Street
Harrisburg, PA 17102-1444

# EXHIBIT B

Gmail - AES Payment Returned                                                 Page 1 of 1



                                        Kenneth Jannette <ken.jannette@gmail.com>

## AES Payment Returned

**Kenneth Jannette <ken@black-nation.com>**                    Tue, Feb 7, 2012 at 5:26 PM
To: aesdftpay@aessuccess.org

Please reprocess this payment at your earliest conveneince. The funds are present. They were in fact present on the date the payment was attempted buyt according to my bank:

"At the time of the request, the money in your account was on hold and unavailable for withdrawal."

I have contacted my bank to figure out why that happened. In the meantime, there is no longer a hold. Please process again.

[Quoted text hidden]

# EXHIBIT C

**Bank of America** 🇺🇸

Cashier's Check

No. 3496579

30-1/1140
NTX

Notice to Purchaser - In the event this check is lost, misplaced or stolen, a return premium and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

Date                APRIL 28, 2011

Banking
Center          FAIRVIEW

                0059151   59951   0503496579

                                                        HENKER S MARQUEZ
                                                        Remitter (Purchased By)

Pay      **TWO THOUSAND FIVE HUNDRED DOLLARS AND 00 CENTS**                              $  *#2500.00**

To
The
Order      **AMERICAN EDUCATION SERVICES**
Of         ****

32-14-3774B  06-2005

Bank of America, N.A.          VOID AFTER 90 DAYS
San Antonio, Texas

                                                        _____
                                                        Authorized Signature     Non-Negotiable

                                                        Customer Copy
                                                        Retain For Your Records

                                                        001641004928

# EXHIBIT D

# Kenneth S. Jannette, Esq.

200 Meserole Street, #2R
Brooklyn, New York 11206
(248) 894-5508

June 20, 2012

<u>Via UPS Overnight Delivery</u>
James J. Jarecki, Esq.
Pennsylvania Higher Education Assistance Agency
1200 North Seventh Street
Harrisburg, PA 17102-1444

**RE:    Refused Payment and Request for Administrative Hearing**

Mr. Jarecki:

This will confirm my telephonic conversation today, June 20, 2012, with Mr. Tony Burall of American Education Services ("AES"). This week, I received a notification in the mail from my bank that a $600.00 debit to AES for the month of June was dishonored. After investigation, I discovered that I had erroneously entered the wire transfer number for my checking account instead of my savings account on a direct debit form submitted to AES in April.

I never received notification from AES that this June payment was dishonored. In fact, your file will indicate that I called AES on or about June 6, 2012 to confirm this payment had been received and was informed that it had been.

To remedy this, I called this afternoon to make the $600.00 payment by telephone and also to submit a new debit form today with the correct wire transfer number. Mr. Burall refused to accept the $600.00 payment. Mr. Burall instead stated that AES intended to move forward with a wage garnishment if I did not make an immediate payment in excess of $20,000.00.

This is the second time AES/PHEEA has refused a voluntary payment from me, opting instead to threaten me with garnishment and demand a large lump-sum payment (see attached email). You will also recall in November of 2011, a garnishment order was sent to my employer only some 10 days after a payment was received, and when I was otherwise current.

Therefore, I am requesting as administrative hearing on this issue. Please notice me with a date and time for same. I also reserve my right to file suit in a court of appropriate jurisdiction.

If you have anything about this you would like to discuss, please feel free to call me.


Yours, Etc.


Kenneth S. Jannette
ken.jannette@gmail.com


cc:     Via USPS first-class mail

# EXHIBIT E

# REQUEST FOR HEARING

## INSTRUCTIONS
Use this form to request a hearing if object to wage withholding. Complete all parts that apply, and return the completed form and any required documentation to the address given following PART III. Be sure that your name and social security or account number appear on all documents and sheets of paper you submit with this form.

If you wish to enter into an agreement in order to prevent wage withholding, DO NOT USE THIS FORM. Instead, contact the American Education Services/Pennsylvania Higher Education Assistance Agency (AES/PHEAA) Collections Department at 1-800-233-0751 between the hours of 8:00 AM and 9:00 PM EST Monday through Thursday, 8:00 AM and 5:00 PM EST Friday, and 8:00 AM and 12:00 noon Saturday. By agreeing to repayment, you are also agreeing that you do not contest the debt, and that *if you do not honor that repayment agreement, your debt can be collected by garnishment without further notice.*

Part I  REQUEST FOR HEARING (Check ONLY ONE of the following, then complete Parts II and III of this form)

[  ]  I want a hearing based on my *written statement* and the records in my loan file.

[X]  I want a hearing by *telephone.* (Provide a telephone number where you can be reached during the day
     (___) ___ - ____

[  ]  I want an in-person hearing in Harrisburg, Pennsylvania.
     (I understand that I must pay my own expenses to appear at this hearing.)

## Part II. REASONS WHY YOU OBJECT TO GARNISHMENT
Explain any further facts concerning your objection on a separate sheet of paper. The hearing on your objections will be conducted based on the information on this form, any documentation you provide, and documentation maintained by AES/PHEAA. Please note that failure to provide proof of your objection(s) may result in the hearing official issuing a decision to deny your objection as unsubstantiated.

1.  [  ]  I was involuntarily separated from employment and have not been re-employed continuously for twelve (12) months. If you are covered under a state's unemployment program, you must submit this form along with documents from your state Employment Commission (or a similar agency in another state) indicating your entitlement to unemployment compensation, and a statement from your present employer indicating the date you began work at your present job. If you are not covered under a state's unemployment program (even if involuntarily separated from employment), you must provide a statement to that effect from the state unemployment agency. Please note that failure to provide written proof may result in a decision by the hearing examiner to deny your objection.

My *previous* employer was: _____

_____
Address                    City                    State            Zip

Phone #: (____) _____        Date of Separation: _____

My *present* employer is: _____

_____
Address                    City                    State            Zip

Phone #: (____) _____  Date of Hire: _____

American Education Services/Pennsylvania Higher Education Assistance Agency
*1200 North Seventh Street  Harrisburg, Pennsylvania 17102-1444*

2. [ ] I do not owe the full amount shown because I repaid some or all of this loan. (Enclose copies of the front and backs of all checks, money orders, and any receipts showing payments made to the holder of the loan.)

3. [ ] I am making payments on this loan as required under the repayment agreement I reached with the holder of the loan. (Enclose copies of the repayment agreement and copies of the front and back of checks where you paid on the agreement).

4. [ ] Garnishment of 15% of my disposable pay would result in an extreme financial hardship. Enclosed is an Affidavit of Income and Expenses form that you must complete and return to support your claim, with copies of all earnings and income statements, monthly billing statements, and current medical and other emergency billing statements). The hearing official will make a determination of the reasonable and affordable amounts you should pay based on a review of the financial disclosure forms and documentation you submit.

5. [ ] I filed for bankruptcy and my case is still open. (Enclose copies of any documentation from the court that shows the date you filed, the name of the court, and your case number).

6. [ ] This loan was discharged in bankruptcy. (Enclose copies of loan discharge order and the schedule of debts filed with the court.)

7. [ ] The borrower has died. (Enclose copy of borrower's death Certificate.)

8. [ ] I am totally and permanently disabled (unable to work and earn money because of an impairment that is expected to continue indefinitely or result in death.) (Enclose a recent letter from a physician who certifies that you are totally and permanently disabled, and the date you became disabled.)

9. [ ] I used this loan to enroll in _____(name of school) on or about ____/____/____, and could not complete my educational program because the school closed while I was enrolled or not later than 90 days after I withdrew. I request an application for discharge of my loan for this reason.

10. [ ] I did not have a high school diploma or GED when I enrolled at the school I attended when receiving this loan, and I believe the school did not properly test my ability to benefit from the program. I request an application for discharge of my loan for this reason.

11. [ ] When I borrowed this loan to attend _____(name of school), I had a condition (physical, mental, age, criminal record) that prevented me from meeting state requirements for performing the occupation for which I received training at the school. I request an application for discharge of my loan for this reason.

12. [ ] I believe that a representative of _____(name of school), signed my name without my permission on the loan application, promissory note, loan check(s) or authorization for my loan(s) to be disbursed by electronic funds transfer or master check. I request an application for discharge of my loan for this reason.

13. [ ] This is not my Social Security Number, and I do not owe this loan. (Enclose a copy of your driver's license or other identification issued by federal, state or local government agency, and a copy of your Social Security card.)

14. [ ] I believe that this loan is not an enforceable debt in the amount stated for the reasons explained in the attached letter. (Attach a letter with any supporting documentation explaining any reason other than those listed above for your objection to collection of this loan amount by garnishment of your salary.)

Part III.   I STATE under penalty of perjury that the statements I have made on this request are true and accurate to the best of my knowledge.

DATE: _____   SIGNATURE: _____

NAME (please print) _____   ACCOUNT # _____

ADDRESS _____   PHONE # _____

CITY _____ STATE _____ Zip Code _____

<u>RETURN THIS FORM TO:</u>   AES/PHEAA, P.O. BOX 8147, HARRISBURG, PA 17105

American Education Services/Pennsylvania Higher Education Assistance Agency
*1200 North Seventh Street  Harrisburg, Pennsylvania 17102-1444*

UPS Internet Shipping: Shipment Label                                    Page 1 of 1

**UPS Internet Shipping: View/Print Label**

1.  **Ensure there are no other shipping or tracking labels attached to your package.**   Select the
    Print button on the print dialog box that appears. Note: If your browser does not support this function
    select Print from the File menu to print the label.

2.  **Fold the printed sheet containing the label at the line so that the entire shipping label is visible.
    Place the label on a single side of the package and cover it completely with clear plastic
    shipping tape. Do not cover any seams or closures on the package with the label.**  Place the
    label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic
    shipping tape over the entire label.

3.  **GETTING YOUR SHIPMENT TO UPS**
    **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized
    retail outlets and UPS drivers.**
    Find your closest UPS location at: www.ups.com/dropoff
    Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS
    Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS
    Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location
    nearest you, please visit the 'Find Locations' Quick link at ups.com.

    **Customers with a Daily Pickup**
    Your driver will pickup your shipment(s) as usual.

FOLD HERE



# EXHIBIT F

7/20/2012 1:49:50 PM    PAGE    1/003    Fax Server



American Education Services

# Fax

**From:**      Name:
                     Fax Number:
                     Voice Phone:

**To:**        Name:        Payroll
                     Company:
                     Fax Number:    913608504415
                     Voice Phone:

**Fax Notes:**

Date and Time of Transmission:     Friday, July 20, 2012 1:49:44 PM
Number of pages including this cover sheet: 03

**Notice:** This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please notify us immediately. Thank You.

FAX                           7/20/2012 1:49:50 PM     PAGE   2/003    Fax Server

 

IN RE
STUDENT LOAN DEBT OF
KENNETH S JANNETTE


WEINSTEIN TREIGER & RILEY
ATTN PAYROLL
2101 4TH AVE SUITE 900
SEATTLE WA 98121


### ORDER OF WITHHOLDING FROM EARNINGS

Pursuant to the authority granted Pennsylvania Higher Education Assistance Agency (PHEAA) by federal law (Public Law 102-164, as amended by Public Law 109-171; 20 U.S.C. §1095a et seq),YOU, the employer of the debtor named below, ARE HEREBY ORDERED AND DIRECTED to withhold income from the debtor's disposable pay from this employment for payment of defaulted student loan(s) as follows:

Debtor:     KENNETH S JANNETTE                SS#: XXX-XX-6394
            200 MESEROLE ST APT 2R            Acct#: 04 4711 2810

            BROOKLYN, NY 11206-2294           Total Amount Currently Due: $84,056.58

Amount to Withhold: Employer SHALL DEDUCT AND PAY TO PHEAA from the debtor's wages the lesser of:

• 15% from the debtor's disposable pay for each pay period (not to exceed 15% of the debtor's disposable pay) or

• the amount permitted by 15 U.S.C. 1673, unless the debtor provides PHEAA written consent to deduct a greater amount.

This amount SHALL be deducted until the amount set forth above as the "Total Amount Currently Due," plus all further accrued interest, is fully paid.

Time for Withholding: Employer is DIRECTED to begin withholding from the debtor's disposable pay beginning with the first pay period that occurs after the issuance of this Withholding Order.

Method of Payment: Employer is DIRECTED TO PAY all amounts withheld on each regular pay day, no less frequently than once each month, to: PHEAA, Post Office Box 1463, Harrisburg, PA 17105.

All payments MUST identify the debtor and the debtor's account number, as identified above. Section 488A of the Act provides that an employer who fails to comply with a garnishment order issued under this law will be liable for any amounts that are not so withheld following its receipt, in addition to costs of suit as a result of legal action authorized under the law.

THIS ORDER OF WITHHOLDING IS ISSUED ON 06/15/2012.

Todd E. Mosko
Vice President
Loan Assets Management


Pennsylvania Higher Education Assistance Agency
1200 North Seventh Street • Harrisburg, Pennsylvania 17102-1444

## INSTRUCTIONS FOR COMPLYING WITH THE ORDER OF WITHHOLDING FROM WAGES

**IF DEFENDANT IS NO LONGER EMPLOYED AT THE TIME NOTICE IS SERVED:  RETURN THE ORDER ALONG WITH NOTIFICATION OF THE DATE OF TERMINATION IN ORDER TO PREVENT FURTHER LIABILITY; OR, YOU MAY FAX THIS NOTIFICATION TO (717) 720-3644.**

Under federal law, if the employer fails to withhold wages following receipt of the Withholding Order, the PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) may sue the employer in a state or federal court to recover any amount that the employer fails to withhold, plus attorney fees, costs, and in the court's discretion, punitive damages.

Also under federal law, an employer may not discharge from employment, refuse to employ, or take disciplinary action against an individual simply because that individual is subject to wage withholding for defaulted student loans.  The affected employee may sue an employer who takes such action in a state or federal court of competent jurisdiction.  If the employee prevails in such suit, the court must award attorney fees and, in its discretion, may order reinstatement of the individual, punitive damages and back pay, or other remedies as may be reasonable and necessary.

---

**Determination of Disposable Pay:**  Disposable pay means income, including wages, salary, commissions, or other compensation earned which remain after deductions required by law are withheld.  This does not include deductions for savings bonds, dues, credit unions, 401K, retirement, etc.

**Amount of Deduction:**  The Order says the lesser of 15% of disposable pay or the amount permitted by 15 U.S.C. § 1673.  However, the figure may be rounded off to a flat dollar amount, especially where payrolls are computerized and the system cannot accommodate percentages.

**Frequency of Remittances:**  Although deductions should be made from each pay, whether weekly, bi-weekly, semi-monthly, etc., remittances to PHEAA should not be made less than once per month.

**When to begin Deductions and Payments:**  Deductions from the defendant's income and subsequent remittances to PHEAA should be instituted immediately upon service of the Order.

**Payee:**  "PHEAA" is acceptable.

**Where to Remit:**
 PHEAA                               Telephone Inquires: (717) 720-3800
 P.O. Box 1463                       TT# (717) 720-2366
 Harrisburg, Pennsylvania 17105

**SINCE INTEREST CONTINUES TO ACCRUE ON THE UNPAID PRINCIPAL, YOU MUST CALL FOR AN UPDATED BALANCE BEFORE SENDING THE FINAL PAYMENT. ALL FINAL PAYMENTS TO SATISFY AN ACCOUNT MUST BE SENT TO:  PHEAA, "FINAL PAYMENT", P.O. BOX 8147, HARRISBURG, PENNSYLVANIA 17105.  PHEAA WILL SEND STATEMENTS FOR RECONCILIATION UPON REQUEST.**

**Account Identification on Remittances:**  PHEAA's default records are set up by borrower's name and account number- NOT by the name of the company served with the Order of Withholding from Earnings.  Therefore, if you issue separate checks for each defendant's payment, please include the defendant's account number directly on the check.  Payments for two or more defendants may be lumped into a single check, however, a payment roster should be included with the check, the stub, or another accompanying form indicating what amount should be applied to each account number.

**Two or More Defendants under Garnishment:**  Payments for two or more defendants may be lumped into a single check, however, a payment roster should be included with the check, the stub, or another accompanying form indicating what amount should be applied to each account number.

**If Defendant Terminates before Total Amount is Paid:**  Notify PHEAA immediately, giving date of termination.  Such notice will stop any further liability for deductions and payments and provide evidence for withdrawing the Order.  If you have notified PHEAA that the debtor is no longer employed, and the employee returns, you must contact PHEAA to obtain an updated balance before remitting payments.

# EXHIBIT G

 **National Conference of Bar Examiners**

AMERICAN EDUCATION SERVICING
1200 NORTH 7TH STREET
HARRISBURG, PA 17105

06/26/2012
4797379



1004067

**RECEIVED**
**JUL - 3 2012**
PHEAA Legal Services

Applicant's Name: KENNETH STEVEN JANNETTE
Also known as: KENNETH VAN STEENKISTE

The National Conference of Bar Examiners prepares character and fitness reports on applicants seeking admission to the bar or a limited license to practice law. The Conference has been requested to prepare a report on KENNETH STEVEN JANNETTE, who is submitting an application to Michigan.

The applicant has furnished the following information. Please verify its accuracy or provide correct information, and indicate whether this obligation has been met in a satisfactory manner.

The applicant has had an account more than 90 days past due during the past three years.

Type of debt: Student Loan
Account number: ~~B477000471111~~ 04 4711 2810
Social Security number: 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
Original amount of debt: #65,722.68
Original creditor: ~~XPRESS LOAN SERVICING CLEVELAND OH~~ CFT ELT 2009 - LLoan.
Original account number: ~~B477000471111~~ 04 4711 2810
Current balance: ~~$65,405.00~~ $0.00
Date of last payment: ~~02/20/2012~~ No payments received.
Current status of debt: ~~NOT CURRENT~~ defaulted April 15,2011
Description: STUDENT LOANS
Explanation: ~~WAS PREVISOULY IN DISPUTE WITH LENDER. ENTERED INTO~~ ~~PLAN TO REPAY AND MAKING PAYMENTS VIA DIRECT DEBT~~ ~~FROM CHECKING ACCOUNT~~

Account was in repayment, No payments received. The loan defaulted

☐ Information is correct   ☒ See comments   ☐ See attachment

If your office requires a fee, please contact us in advance. No fee will be paid unless it is pre-approved.

Beatrice Holland   Research Specialist   Beatrice Holland   July 11, 2012
Name (Please Print)   Title   Signature   Date

717-720-3738
Email Address and/or Area Code/Phone Number

Thank you for your assistance. Your prompt reply will assist us in processing our report.

Sincerely,

Jillian Falligant, x3012
Analyst

DEBT VERIFICATION

All information solicited and received for character and fitness reports is treated confidentially by NCBB and restricted to official use by the proper admitting authorities. NCBB is an affiliated organization of the American Bar Association.